**In the Matter of David A. BUNNER**

**No. 82S00–0407–DI–309.**

Supreme Court of Indiana.

Aug. 30, 2004.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** A client hired the respondent to represent him in a dissolution of marriage action. A final hearing was held on March 11, 2003, and the court directed the respondent to file the appropriate entry. On May 2, 2003, the court contacted the respondent regarding the filing of the entry and the respondent or his staff advised the court the entry would be filed in ten days. On August 14, 2003, the court again contacted the respondent's office and an additional 60–day extension was requested and granted. On November 12, 2003, the court scheduled the matter for hearing on December 5, 2003, unless the respondent filed the entry. The respondent filed the entry on December 2, 2003.

**Violations:** The respondent violated Ind. Professional Conduct Rule 3.2, which provides that lawyers shall make reasonable efforts to expedite litigation consistent with the interests of their clients; and Prof.Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct prejudicial to the administration of justice.

**Discipline:** One hundred eighty (180) day suspension, effective October 16, 2004, without automatic reinstatement thereafter, with the entire suspension stayed upon successful completion of twenty-four (24) months of probation. In the event it is established pursuant to Ind. Admission and Discipline Rule 23, Section 17.2, that the respondent has violated any terms of his probation, then the entire period of the stayed suspension shall become executed or active and the respondent shall be suspended for the entire one hundred eighty (180) days without automatic reinstate-

ment. The terms of probation are attached hereto.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

/s/ *Randall T. Shepard*

Randall T. Shepard

Chief Justice of Indiana

All Justices concur.

### TERMS OF PROBATION

1. The Respondent shall comply in all aspects with his obligations, duties and responsibilities under the Indiana Rules of Professional Conduct.

2. During the period of his probation, the Respondent shall comply with all of the terms of a monitoring agreement that has been entered into between the Respondent and the Indiana Judges and Lawyer's Assistance Program ("JLAP"). The Respondent's obligations under the monitoring agreement are specifically incorporated herein as terms of the Respondent's probation.

3. The Respondent's violation of any term of the monitoring agreement or of these probationary rules will be sufficient grounds to revoke the Respondent's probation.

4. The Respondent shall be responsible for any and all costs associated with his probation.

5. The Respondent specifically consents to the release of all records relating to the treatment the Respondent receives during the entire period of probation and further agrees to execute the appropriate "Consent for the Release of Confidential Information" on a form provided by the representatives of JLAP with said information to be provided to the Commission.

6. At the conclusion of the probationary period, all consents and releases shall be revoked.

7. The Respondent shall report in writing within seven (7) days, any failure to comply with any terms of his probation and to specifically identify the circumstances of his violation.

8. The Respondent shall continue to receive counseling and/or therapy for his mental health problems as required by JLAP or its designated care provider. Reports of the Respondent's compliance with the JLAP monitoring agreement shall be made by JLAP to the Commission on a quarterly basis. A final report shall be provided by JLAP to the Respondent and to the Commission at the conclusion of the probationary period.

9. In the event it is established pursuant to Ind. Admission and Discipline Rule 23, Section 17.2, that the Respondent has violated any terms of his probation, then the entire period of the stayed suspension shall become executed or active and the Respondent shall be suspended for the entire one hundred eighty (180) days without automatic reinstatement. The Respondent's reinstatement to the practice of law shall be subject to the procedure and requirements of Ind. Admission and Discipline Rule 23, Sections 4 and 18.